DONALD BOUTIN et al., Plaintiffs, *v.* SWORD LINE, INC., Defendant.

Municipal Court of the City of New York, Borough of Manhattan, March 30, 1954.

*Donald Boutin* and *Arthur J. Barton,* plaintiffs in person.

*Theodore J. Breitwieser* for defendant.

Boccia, J.  Arthur J. Barton and Donald Boutin have brought individual actions against Sword Line, Inc., which actions were consolidated and tried before me simultaneously.  The plaintiffs each sue for $100 for transportation, wages and subsistence due.  Plaintiffs proved that they were employees aboard the vessel Texas Sword and that on February 8, 1954, they were discharged.  The defendant offered in evidence a determination of the New York State Department of Labor, Division of Employment, that one plaintiff, Arthur J. Barton, was not entitled to unemployment insurance because he had been discharged for misconduct in connection with his employment.  In addition, defendant offered the logbook of the vessel without laying the proper foundation for its admissibility, which logbook stated in substance that the plaintiffs were discharged for insubordination.

The defendant challenges the jurisdiction of the Municipal Court to hear this suit.  Under the Savings to Suitors clause of the Federal Constitution and the Judiciary Act of 1789, any action for which there was a legal remedy in this State prior to 1789 is enforcible, even though maritime in nature.  In such cases the jurisdiction is concurrent and action may be brought in either admiralty or common-law courts.  (1 Norris on Law of Seamen, p. 29.)

It is not every act of disobedience by a seaman that justifies his discharge.  The act must be persistent and incorrigible.  (*The Enterprise,* 127 F. 765.)  The finding by the New York State Department of Labor is neither *res judicata* nor law of the case, as far as this court is concerned, and, therefore, is of no probative value.

There being no proof of persistent and incorrigible disobedience, I find that each plaintiff was wrongfully discharged.  A seaman who has been wrongfully discharged is at least entitled to wages to the time that the seaman is returned to the place from which he originally shipped.  (1 Norris on Law of Seamen,

p. 504.) He is also entitled to subsistence for the length of time it takes to transport him from the place of his wrongful discharge to the point of original embarkation and costs of transportation.

The proof shows in each case that the damages exceed the jurisdictional limits of the court and by consent have been reduced to the jurisdictional limits of the court.

I, therefore, find judgment in favor of each plaintiff in the sum of $100, plus costs and disbursements.